

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAWN DIEHL, on behalf of himself and all others similarly situated; CHRISTOPHER TERRY, on behalf of himself and all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> NORTHWEST TRUSTEE SERVICES INC.; FIRST AMERICAN TITLE INSURANCE COMPANY; DOES 1-10; RECONTRUST COMPANY, N.A., <br><br> Defendants - Appellees. | No. 10-35518 <br><br> D.C. No. 9:09-cv-00169-DWM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted March 7, 2011
Seattle, Washington

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The key question in this appeal is whether an indenture trustee may appropriately delegate to a third party the duty to call the sale under the Montana Small Tract Financing Act ("STFA"). The Montana Code allows principals to delegate tasks to agents "unless a contrary intention clearly appears." Mont. Code Ann. § 28-10-105. No such intention is expressed in the STFA, a view confirmed by the Montana Supreme Court. See Knucklehead Land Co., Inc. v. Accutitle, Inc., 172 P.3d 116, 120-21 (Mont. 2007) (holding that an indenture trustee has only the duties specifically set forth in the STFA); see also S.D. Myers, Inc. v. City and Cnty. of San Francisco, 253 F.3d 461, 473 (9th Cir. 2001) ("When interpreting state law, we are bound by decisions of the state's highest court."). We therefore affirm the district court's determination that the indenture trustee may delegate its duty to call the sale under the STFA.

The plaintiffs' remaining arguments as to the alleged need for agents to qualify as indenture trustees under the STFA are unpersuasive. See Mont. Code Ann. §§ 71-1-306; 28-10-105. Because Montana law is clear on the legal questions in this appeal, we deny the motion to certify the question to the state supreme court. See Mont. R. App. P. 15(3). The plaintiffs concede that their Fair Debt Collection Practices Act claim fails if there was no violation of Montana law.

2

We **AFFIRM** the decision of the district court and **DENY** the Motion to Certify.